UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANNETTE S. OWENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-CV-0162-CVE-FHM |
| ) | |
| STATE OF OKLAHOMA ex rel. ) | |
| BOARD OF REGENTS OF THE UNIVERSITY ) | |
| OF OKLAHOMA, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is Defendant's Motion to Dismiss Complaint (Dkt. # 9). Defendant argues that it has sovereign immunity from claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (ADA), and that plaintiff's case should be dismissed for lack of subject matter jurisdiction. Plaintiff responds that she has alleged a prima facie claim of disability discrimination under the ADA, and she asserts that Title I of the ADA permits an employee to sue her employer, including a state, for this type of discrimination.

### I.

Annette S. Owens alleges that she was employed at the University of Oklahoma Health Science Center.[1] Owens had a mastectomy and she claims that she qualifies as a person with a

---

[1] Defendant notes that the University of Oklahoma Health Sciences Center "is merely a component of University of Oklahoma, which can only be sued through the State of Oklahoma *ex rel.* Board of Regents of the University of Oklahoma." Dkt. # 9, at 1 n.1. Defendant has filed a notice of party name correction (Dkt. # 11), and the case caption has been amended to show that the proper defendant is the State of Oklahoma ex rel. Board of Regents of the University of Oklahoma (Board of Regents).

disability under the ADA due to symptoms she suffered following the mastectomy. Dkt. # 1, at 1. Owens states that she requested certain accommodations from her employer, and she claims that she was able to perform the core duties of her job with these accommodations. Id. However, she alleges that her employer would suddenly revoke accommodations with little or no notice, and she claims that she suffered emotional distress as a result. Owens states that she in "constant pain and constant mental anguish, to the extent that ultimately she experienced a 'collapse' at work, and was transported to Brookhaven for a two-week treatment period." Id. at 2. Owens alleges that she was forced to resign in April 2012, and she filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). She received a right to sue letter from the EEOC and she claims that she filed this case within 90 days of receiving the letter. She seeks compensatory and punitive damages in excess of $75,000 due to her employer's alleged violation of the ADA.

## II.

Sovereign immunity is a limitation on the Court's subject matter jurisdiction, and defendant's motion should also be considered as a challenge to the Court's subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). See Clymore v. United States, 415 F.3d 1113, 1118 n.6 (10th Cir. 2005). Federal courts are courts of limited jurisdiction and, as the party seeking to invoke federal jurisdiction, plaintiff bears the burden of proving that jurisdiction is proper. See Southway v. Cent. Bank of Nigeria, 328 F.3d 1267, 1274 (10th Cir. 2003). A court lacking jurisdiction "cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). Motions to dismiss under Rule 12(b)(1) "generally take one of two forms. The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or

(2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." Merrill Lynch Bus. Fin. Servs, Inc. v. Nudell, 363 F.3d 1072, 1074 (10th Cir. 2004) (internal citation and quotations omitted). Here, defendant has facially attacked the sufficiency of the complaint's allegations as to the existence of subject matter jurisdiction over plaintiff's claim for relief under the ADA. In analyzing such a motion to dismiss, the Court must presume all of the allegations contained in the complaint to be true. Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002); Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995). This is the same standard of review applied to motions arising under Fed. R. Civ. P. 12(b)(6). See Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007).

**III.**

Defendant argues that the State of Oklahoma has not waived its sovereign immunity to suit from claims under the ADA and the Court lacks subject matter jurisdiction over this case.[2] Plaintiff responds that she is alleging a claim under Title I of the ADA and she argues that the Tenth Circuit has not ruled "decisively" as to whether the ADA abrogates a state's sovereign immunity from suit.

Under the Eleventh Amendment to the United States Constitution, "[t]he Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States . . . ." U.S. CONST. amend. XI. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individual in federal court." Bd. of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 363 (2001).

---

[2]  Defendant also argues that the complaint should be dismissed for failure to state a claim upon which relief can be granted. However, it is unnecessary for the Court to reach this issue based on the Court's finding that it lacks subject matter jurisdiction over this case. See infra, at 4-5.

Agencies of the State of Oklahoma, including the Board of Regents, are treated as the state for the purpose of sovereign immunity under the Eleventh Amendment. Pettigrew v. Oklahoma ex rel. Dept. of Public Safety, 722 F.3d 1209, 1212-13 (10th Cir. 2013). Congress may abrogate a state's sovereign immunity if Congress "(1) unequivocally indicates its intent to abrogate state sovereign immunity, and (2) acts pursuant to a valid grant of constitutional authority under § 5 [of the Fourteenth Amendment]." Guttman v. Khalsa, 559 F.3d 1101, 1117 (10th Cir. 2012).

The ADA prevents discrimination based on disability in three major contexts: "employment, which is covered by Title I of the statute; public services, programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title III." Tennessee v. Lane, 541 U.S. 509, 516-17 (2004). When the ADA was enacted, Congress included a provision abrogating a state's sovereign immunity from suit under Title I of the ADA. However, the Supreme Court found that Congress failed to make the necessary findings under § 5 of the Fourteenth Amendment to abrogate the states' sovereign immunity, and the waiver of sovereign immunity contained in Title I of the ADA was invalid. Garrett, 531 U.S. at 374. In Elwell v. State of Oklahoma ex rel. Board of Regents of the University of Oklahoma, 693 F.3d 1303 (10th Cir. 2012), a former employee of the University of Oklahoma alleged that she was fired because of her disability and that the University of Oklahoma refused to provide her reasonable accommodations. She attempted to allege employment discrimination claims under Title II of the ADA and the Oklahoma Anti-Discrimination Act, OKLA. STAT. tit. 25, § 1301 et seq. (OADA).[3] Id. at 1305. Title II of the ADA prohibits a public entity from denying or excluding any qualified person with a disability from

---

[3] The Tenth Circuit noted that "states enjoy Eleventh Amendment immunity from suit under Title I [of the ADA]" and that "litigants have again turned to Title II hoping to find an avenue for relief that Title I no longer supplies." Id. at 1310.

4

"the benefits of the services, programs, or activities" of the public entity. 42 U.S.C. § 12132. The Tenth Circuit found that "services, programs, or activities" did not include employment, and the ADA permitted employment discrimination under Title I only. Id. at 1309. Even if the Tenth Circuit had assumed that Title II created an employment discrimination claim, the University of Oklahoma would likely have had sovereign immunity from Title II claims but the Tenth Circuit declined to decide the issue. Id. at 1311. As to the plaintiff's state law claim under the OADA, the state waived its sovereign immunity from suit only to the extent that the state generally waived its sovereign immunity under the Oklahoma Governmental Tort Claims Act, OKLA. STAT. tit. 51, § 151 et seq. (GTCA), and the plaintiff had not alleged compliance with the procedural requirements of the GTCA. Id. at 1314. The Tenth Circuit affirmed the district court's dismissal of plaintiff's ADA and OADA claims.

Plaintiff states that she is not attempting to allege a claim against defendant under Title II of the ADA, and she argues that Elwell allows an ADA plaintiff to bring a claim against a state or state agency under Title I of the ADA. Dkt. # 13, at 2-3. While plaintiff is correct that Title I of the ADA generally permits an employee or former employee to bring an employment discrimination claim, the law is clearly established that Title I of the ADA does not abrogate a state's sovereign immunity from suit. Garrett, 531 U.S. at 574; Elwell, 693 F.3d at 1310. The Board of Regents is an arm of the state of Oklahoma, and plaintiff has not shown that the state has consented to suit under the ADA or that Congress has validly abrogated the state's sovereign immunity from ADA

5

claims. Thus, the Board of Regents has sovereign immunity from claims under Title I of the ADA and the Court lacks subject matter jurisdiction over plaintiff's ADA claim.[4]

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Complaint (Dkt. # 9) is **granted**, and plaintiff's claims are **dismissed without prejudice**. A separate judgment of dismissal is entered herewith.

**DATED** this 10th day of December, 2013.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff makes no allegations that could be construed as an attempt to allege a claim under the OADA, but she also does not allege compliance with the GTCA. Even if plaintiff had alleged an OADA claim, it appears that the Court would lack subject matter jurisdiction over such a claim.